David G. Freedman (State Bar No. 81989)
LAW OFFICE OF DAVID G. FREEDMAN
1801 Century Park East, 16th Floor
Los Angeles, California 90067
Telephone:   (310) 553-2121
Facsimile:   (310) 598-1844
E-mail:        dgf@dfreedman.net

Attorney for Defendant
HYATT HOTELS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM B. WEBB, an individual;<br><br>        Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION, an Illinois corporation; GRAND CHAMPIONS LLC, a California corporation dba Hyatt Grand Champions Resort Spa and Villas dba Hyatt Regency Resort Spa and Villas; KATHERINE STOKER; DONNA LOWELL; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Hyatt Hotels Corporation hereby removes to this Court the state court action described below on the following grounds:

1.     On July 12, 2016, an action was commenced in the Superior Court of the State of California in and for the County of Riverside by the filing of a complaint in the action entitled *Tom B. Webb v. Hyatt Hotels Corporation, et al.*, as case number PSC 1603330.

2.     The first date upon which defendant received a copy of the complaint was July 20, 2016, when defendant was served with a copy the complaint and a summons from the state court.

3.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     Complete diversity of citizenship exists in that:

a.     Plaintiff Tom B. Webb is a citizen of the State of California.

b.     Defendant Hyatt Hotels Corporation is a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Illinois.

c.     Defendant Grand Champions LLC is a limited liability company whose members are (i) Monfort Family Limited Partnership I, a partnership whose partners are Christine Monfort who is a citizen of Colorado and Kaye Monfort who is a citizen of Colorado; and (ii) KCM Family Investments, LLC, a limited liability company whose member is CJK Family Investments, LLC, a limited liability company whose member is Kaye Monfort who is a citizen of Colorado.

5.     The complaint herein also names as defendants Katherine Stoker and Donna Lowell who are citizens of the same state as plaintiff. The citizenship of said defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. sections 1332 and 1441(b) on the ground that there is no possibility that plaintiff will be able to establish liability against said parties for the following reasons:

a.     The only claim alleged in the complaint that purports to state a claim against Stoker and Lowell is the sixth cause of action in which plaintiff alleges that they engaged in certain acts of harassment and retaliation and cites sections of the California Labor Code that prohibit retaliation or relate to payment of wages. (Complaint, ¶¶57-

61.)

b. Plaintiff cannot establish liability against Stoker or Lowell based on the conduct alleged in the sixth cause of action because claims for violations of Labor Code provisions relating to retaliation or wages can only be brought against an employer and plaintiff has alleged that Hyatt Hotels Corporation was his employer and that Stoker and Lowell were employees of Hyatt Hotels Corporation. (*Hansen v. Cal. Dep't of Corr. & Rehab.* (2008) 171 Cal.App.4th 1537, 1546 [Labor Code retaliation claims may only be brought against an employer]; *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 330 [claim of retaliation lies only against the employer, not against the supervisor through whom the employer commits the tort]; *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1085-1087 [corporate agents are not personally liable for corporate employer's failure to pay employees' wages].)

6. The matter in controversy exceeds the sum of $75,000 in that the complaint seeks specific damages ranging from $250,000 to $10 million.

7. The following documents filed in the state action are attached to this notice:

Exhibit 1: Summons

Exhibit 2: Complaint

Exhibit 3: Civil Cover Sheet

Date: August 5, 2016

s/ *David G. Freedman*
David G. Freedman
Attorney for Defendant
HYATT HOTELS CORPORATION

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B)