UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1704-GW(DTBx) | Date | November 16, 2016 |
| Title | Tom B. Webb v. Hyatt Hotels Corporation, et al. | Page | 1 of 3 |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – FINAL RULING ON PLAINTIFF'S MOTION TO REMAND [7]**

The issue at this point in time on this motion to remand is whether Defendants Hyatt Hotels Corporation, Grand Champions LLC, Katherine Stoker and Donna Lowell (collectively "Defendants") can satisfy the Ninth Circuit's fraudulent joinder standard specifically with respect to a claim by plaintiff Tom B. Webb ("Plaintiff") under California Labor Code § 1102.5 against Stoker and Lowell, the two defendants who would destroy complete diversity here. *See* Docket No. 23. For fraudulent joinder purposes, the failure to state a claim against a non-diverse defendant must be obvious according to the *settled* rules of California. *See Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Following a recent amendment (making pre-amendment case law irrelevant to the question here), Labor Code section 1102.5 plainly prohibits any employer "or any person acting on behalf of the employer" from retaliating against an employee for disclosing certain types of information to certain types of recipients. Although Defendants have cited cases in their most recent brief,[1] *see* Docket No. 24, concluding *in a different procedural setting* – and by way of inference from cases *not* dealing with Labor Code § 1102.5 – that there is no individual civil liability pursuant to that statute, the Court has already directed the parties to cases indicating that

---

[1] Plaintiff did not file a brief addressing the Section 1102.5 issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1704-GW(DTBx)** | Date | November 16, 2016 |
| Title | ***Tom B. Webb v. Hyatt Hotels Corporation, et al.*** | Page | 2 of 3 |

the issue is not yet settled. *See Khan v. Infor (US) Inc.*, SACV 16-00657-CJC (KESx), 2016 U.S. Dist. LEXIS 91211, *10-13 (C.D. Cal. July 13, 2016); *O'Neill v. Grupo Radio Centro LA, LLC*, 2:15-cv-06116-SVW-JC, 2015 U.S. Dist. LEXIS 144432, *5-7 (C.D. Cal. Oct. 21, 2015); *De La Torre v. Progress Rail Servs. Corp.*, CV 15-4526 FMO (GJSx), 2015 U.S. Dist. LEXIS 100784, *7-12 (C.D. Cal. July 31, 2015). Indeed, a court in this District concluded on July 13, 2016, that the issue is "currently unsettled." *Khan*, 2016 U.S. Dist. LEXIS 91211, at *11. Clarity has not been achieved in the intervening four months. That there is conflicting case law (or at least a conflict between what case law there is and the plain language of the amended Section 1102.5), without any definitive answer from California courts, only furthers the Court's conclusion that Defendants have not satisfied their burden (which calls for "clear and convincing evidence" of fraudulent joinder, *Hamilton Materials*, 494 F.3d at 1206).

      To be clear, this Court does not resolve for itself the question of individual liability under Section 1102.5 unless it first has subject matter jurisdiction to do so, and it cannot have such subject matter jurisdiction where there are even *potentially* viable claims pled against non-diverse parties. In that respect, decisions addressing this issue in the context of motions to dismiss – where fraudulent joinder and subject matter jurisdiction are not at issue – have little relevance to the task before the Court. *See Minor v. Fedex Office & Print Servs., Inc.*, 16-CV-00532-LHK, 2016 WL 1623760, *1, 4, 18-19 (N.D. Cal. Apr. 25, 2016); *Tillery v. Lollis*, 1:14-cv-02025-KJM-BAM, 2015 WL 4873111, *1, 8-10 (E.D. Cal. Aug. 13, 2015); *Conner v. Aviation Servs. of Chevron U.S.A.*, 14-cv-02102-JD, 2014 WL 5768727, *1, 5 (N.D. Cal. Nov. 5, 2014). As to *Vera v. Con-Way Freight, Inc.*, No. CV 15-874 AJW, 2015 WL 1546178, *1 (C.D. Cal. 2015), this Court believes that non-precedential decision misapplied the fraudulent joinder doctrine (although it notes that *Vera* was issued before all of the three Central District decisions this Court has cited as contributing to/acknowledging the unsettled nature of this issue).

      In conclusion, the Court relies on the analysis in its original 9/29/16 tentative ruling (Docket No. 17), its further ruling on November 7, 2016 (Docket No. 23), and as stated above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1704-GW(DTBx)** | Date | November 16, 2016 |
| Title | *Tom B. Webb v. Hyatt Hotels Corporation, et al.* | Page | 3 of 3 |

Because it cannot be said that it is obvious according to the *settled* laws of the state of California that Plaintiff cannot state a claim pursuant to California Labor Code § 1102.5 against Stoker and Lowell, their joinder is not deemed fraudulent; and the case is forthwith remanded for incomplete diversity and lack of federal subject matter jurisdiction.  The November 21, 2016 further hearing date is taken off-calendar.